WILSON *v.* DARRAGH *et al.*

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

INFANCY—RATIFICATION OF CONTRACTS—MORTGAGES.

A mortgage given by an infant is ratified where, after attaining majority, the mortgagor procures releases of portions of the mortgaged premises, and takes no steps in disaffirmance of the mortgage until foreclosure is begun, more than two years after her becoming of age.[1]

Appeal from special term, Queens county.

Action by Peter M. Wilson against Annie Finnerd Darragh and others to foreclose a mortgage. On the trial the following facts were found: On June 22, 1881, the defendants Annie Finnerd Darragh (then Annie Finnerd) and Edward A. Darragh executed and delivered their joint and several bond, wherein they bound themselves to pay Remington Vernam $3,500. On the same day, to secure the payment of the money mentioned in the bond, the defendant Annie Finnerd Darragh (then Annie Finnerd) executed the mortgage in question on premises which had previously been conveyed, without consideration, by Darragh to Annie Finnerd. At the time of making the bond and mortgage, Annie Finnerd was an infant, 19 years old, and became of age May 10, 1883. In order to induce plaintiff to purchase the bond and mortgage, both Edward A. Darragh and Annie Finnerd Darragh (then Annie Finnerd) on July 16, 1881, made affidavits that the bond and mortgage were good and valid, and that no effects or equities existed against the same, and that no part of the principal or interest had been paid thereon; and, relying on the truth of these representations, plaintiff purchased the bond and mortgage from Remington Vernam, paying full value therefor. On July 10, 1883, in order to complete a sale of a portion of the premises, the defendant Annie Finnerd Darragh procured a release of the portion sold from the lien of the mortgage; and again, on December 10, 1883, to complete a sale of another portion of the premises, the defendant Annie Finnerd Darragh procured a release of such other portion from the lien of the mortgage. As a conclusion of law, the trial court held that the bond and mortgage had been ratified by Annie Finnerd Darragh after arriving at majority. From a judgment of foreclosure and sale, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Daniel Brown, (James W. Covert,* of counsel,) for appellants. *Hunt & McVicar,* for respondent.

PRATT, J. The evidence fully sustains the findings of fact, and upon those findings the conclusions of law are correct. There was an utter failure to make out usury upon this loan, and thus the only defense we need to consider is that of infancy. Whether there was a ratification or not may well be inferred from all the circumstances of the case. It is probable, although not specifically proved, that Annie Darragh held this property in trust, to do with it whatever Edward Darragh requested. She received it from him, and paid no consideration therefor, and seems to have mortgaged and conveyed it upon his request. These circumstances throw light upon her conduct in regard to the property. We think no other conclusion could have been reached, except that of ratification. Mrs. Darragh took no steps after she arrived of age to disaffirm the mortgage, and procured releases of portions of it from the mortgagee. Such conduct was utterly inconsistent with the claim that the mortgage was invalid, and was a distinct recognition of its validity. Judgment affirmed, with costs. All concur.

[1] As to what constitutes ratification or disaffirmance of contracts made by one while a minor, see Hill v. Nelms, (Ala.) 5 South. Rep. 796, and note; Leacox v. Griffith, (Iowa,) 40 N. W. Rep. 109, and note; Ferguson v. Railway Co., (Tex.) 11 S. W. Rep. 347, and note.